**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **DOUGLAS G.,**[1] | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **No. 25 C 12276** |
| **v.** | ) | |
| | ) | **Magistrate Judge** |
| **FRANK BISIGNANO,** | ) | **Maria Valdez** |
| **Commissioner of Social Security,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## MEMORANDUM OPINION AND ORDER

This action was brought under 42 U.S.C. § 405(g) to review the final decision of the Commissioner of Social Security denying Plaintiff Douglas G.'s claims for Disability Insurance Benefits ("DIB"). The parties have consented to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). For the reasons that follow, Plaintiff's request to reverse the Commissioner's decision [Doc. No. 14] is denied, and the Commissioner's decision is affirmed.

---

[1] In accordance with Internal Operating Procedure 22 – Privacy in Social Security Opinions, the Court refers to Plaintiff only by his first name and the first initial of his last name.

## BACKGROUND

### I. PROCEDURAL HISTORY

On September 8, 2021, Plaintiff filed an application for DIB, alleging disability since June 20, 2019. The claim was initially denied on March 7, 2022, and upon reconsideration, after which he timely requested a hearing before an Administrative Law Judge ("ALJ"), which was held on June 5, 2023. After the hearing, the ALJ denied Plaintiff's claim for benefits. Plaintiff subsequently appealed to the Social Security Administration Appeals Council, and the Appeals Council vacated the ALJ's decision and remanded the case to the ALJ on March 12, 2024. The Appeals Council instructed the ALJ to (1) consider Plaintiff's maximum Residual Function Capacity ("RFC") during the entire period of alleged disability and provide a rationale with specific references to evidence in the record that supported the ALJ's assessed limitations; (2) evaluate the medical source opinions and articulate the supportability and consistency of each opinion when assessing the persuasiveness of each; and (3) consider Plaintiff for a cane. The ALJ held another hearing on November 15, 2024.

On December 18, 2024, the ALJ again denied Plaintiff's claim for benefits, finding him not disabled under the Social Security Act. On August 7, 2025, the Appeals Council denied Plaintiff's request for review, leaving the ALJ's decision as the final decision of the Commissioner and, therefore, reviewable by the District Court under 42 U.S.C. § 405(g). *See Haynes v. Barnhart*, 416 F.3d 621, 626 (7th Cir. 2005).

## II. ALJ DECISION

Plaintiff's claim was analyzed in accordance with the five-step sequential evaluation process established under the Social Security Act. *See* 20 C.F.R. § 404.1520(a)(4). The ALJ found at step one that Plaintiff did not engage in substantial gainful activity from his alleged onset date of June 20, 2019 through his date last insured of March 31, 2023. At step two, the ALJ concluded that Plaintiff had the following severe impairments: lumbar spinal stenosis, hypertension, and asthma. The ALJ concluded at step three that his impairments, alone or in combination, do not meet or medically equal a Listing. Before step four, the ALJ determined that Plaintiff retained the RFC to perform sedentary work except: able to alternate periodically to standing to relieve discomfort as needed, but may remain at the workstation for two-hour increments; use an assistive device to ambulate to and from workstation; occasionally climbing ramps and stairs, but never ladders, ropes, or scaffolds; frequently balancing and kneeling; occasionally stooping, crouching, and crawling; and no concentrated exposure to unprotected heights, moving mechanical parts, humidity and wetness, extremes of cold and heat, and dust, odors, fumes, and pulmonary irritants.

At step four, the ALJ concluded that Plaintiff had no past relevant work. At step five, based upon the VE's testimony and Plaintiff's age, education, work experience, and RFC, the ALJ found that there were jobs that existed in significant numbers in the national economy that Plaintiff could have performed during the relevant time period.

## DISCUSSION

### I. ALJ LEGAL STANDARD

Under the Social Security Act, a person is disabled if they have an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(a). In order to determine whether a Plaintiff is disabled, the ALJ considers the following five questions in order: (1) Is the Plaintiff presently unemployed? (2) Does the Plaintiff have a severe impairment? (3) Does the impairment meet or medically equal one of a list of specific impairments enumerated in the regulations? (4) Is the Plaintiff unable to perform her former occupation? and (5) Is the Plaintiff unable to perform any other work? 20 C.F.R. § 416.920(a)(4).

An affirmative answer at either step three or step five leads to a finding that the Plaintiff is disabled. *Young v. Sec'y of Health & Human Servs.*, 957 F.2d 386, 389 (7th Cir. 1992). A negative answer at any step, other than at step three, precludes a finding of disability. *Id.* The Plaintiff bears the burden of proof at steps 1-4. *Id.* Once the Plaintiff shows an inability to perform past work, the burden then shifts to the Commissioner to show the Plaintiff's ability to engage in other work existing in significant numbers in the national economy. *Id.*

### II. JUDICIAL REVIEW

Section 405(g) provides in relevant part that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Judicial review of the ALJ's decision is thus "limited to ensuring that substantial evidence supported the ALJ's decision and that the ALJ applied the correct legal standards." *Morales v. O'Malley*, 103 F.4th 469, 472 (7th Cir. 2024); *see Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000); *Stevenson v. Chater*, 105 F.3d 1151, 1153 (7th Cir. 1997). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Skinner v. Astrue*, 478 F.3d 836, 841 (7th Cir. 2007). An ALJ's decision should be affirmed even in the absence of overwhelming evidence in support: "whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence . . . 'more than a mere scintilla.' . . . It means – and means only – 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (citations omitted); *see Warnell v. O'Malley*, 97 F.4th 1050, 1051 (7th Cir. 2024) ("[S]ubstantial evidence [is] a standard that the Supreme Court has emphasized is light.").

Where conflicting evidence would allow reasonable minds to differ, the responsibility for determining whether Plaintiff is disabled falls upon the Commissioner, not the court. *See Herr v. Sullivan*, 912 F.2d 178, 181 (7th Cir. 1990). This Court may not substitute its judgment for that of the Commissioner by

reevaluating facts, reweighing evidence, resolving conflicts in evidence, or deciding questions of credibility. *Skinner*, 478 F.3d at 841. At all times, the burden of demonstrating disability remains on the claimant. *See Summers v. Berryhill*, 864 F.3d 523, 527 (7th Cir. 2017). "It is not enough to nitpick the ALJ's order. To warrant reversal, [the claimant] must show that the ALJ's determination was not supported by substantial evidence." *Morales*, 103 F.4th at 471 (explaining further that claimants "must demonstrate with references to evidence why the ALJ's determinations lack substantial support in the administrative record").

ALJs therefore "are subject to only the most minimal of articulation requirements" and "need not address every piece or category of evidence . . . or cite support for every proposition or chain of reasoning." *Warnell*, 97 F.4th at 1053. However, even under this relatively lenient standard, an ALJ is not absolved of her duty to support the decision with evidence. *See Meuser v. Colvin*, 838 F.3d 905, 910 (7th Cir. 2016) ("We will uphold an ALJ's decision if it is supported by substantial evidence, but that standard is not satisfied unless the ALJ has adequately supported his conclusions."). ALJs must "provide an explanation for how the evidence leads to their conclusions that is 'sufficient to allow us, as a reviewing court, to assess the validity of the agency's ultimate findings and afford [the claimant] meaningful judicial review." *Warnell*, 97 F.4th at 1054; *see Murphy v. Astrue*, 496 F.3d 630, 634 (7th Cir. 2007); *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005); *Zurawski v. Halter*, 245 F.3d 881, 889 (7th Cir. 2001). Furthermore, an ALJ may not "select and discuss only that evidence that favors his

ultimate conclusion" but must consider all relevant evidence. *Herron v. Shalala*, 19 F.3d 329, 333 (7th Cir. 1994).

## III. ANALYSIS

Plaintiff argues that the ALJ's decision was in error because the ALJ improperly evaluated the consultative examiners' opinions and the state-agency medical consultant's opinion.

Plaintiff first complains that the ALJ failed to properly address the required elements for evaluating how persuasive a medical opinion is. When determining the persuasiveness of medical opinions, the regulations require the ALJ to consider and articulate (1) how objective medical evidence supports or fails to support the medical opinion, (2) how the explanations from the source itself supports or fails to support the medical opinion, (3) whether the medical opinion is consistent or inconsistent with other medical sources, and (4) whether the medical opinion is consistent or inconsistent with nonmedical sources. *See* 20 C.F.R. §§ 404.1520c(c)(1), (c)(2) (emphasis added). The most important factors in assessing opinions are supportability and consistency. *Id.* at (b)(2). Supportability is an internal check that references objective medical evidence and supporting explanations that come from the source itself. 20 C.F.R. § 404.1520c(c)(1). Consistency is an external check that references evidence from other medical and nonmedical sources. 20 C.F.R. § 404.1520c(c)(2).

Under the agency's medical opinion regulations, and ALJ "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding[s]." 20 C.F.R. 404.1520c(a).

Here, the ALJ did properly address the persuasiveness of the medial opinions. The ALJ found the opinions of Drs. Peterson and Reddy generally persuasive because they were supported by explanations but found them inconsistent with the record because (1) there was no specialist treatment for back pain, and (2) the two most recent primary care visits showed no back pain complaints, no observed back deficits, and no suggested treatment for back pain. Thus, the ALJ declined to adopt their opinions in their entirety, but rather adopted them with the exception of a push/pull restriction. The ALJ therefore weighed the evidence and exercised his judgment, and this Court may not reweigh the evidence or substitute its judgment for that of the ALJ. *Skinner*, 478 F.3d at 841.

With respect to Dr. Lopez's opinion, the ALJ found Drs. Peterson's and Reddy's opinions more persuasive. In doing so, the ALJ found the opinion unsupported and noted that Dr. Lopez's exam contained a mix of abnormal and normal findings. The ALJ also found the opinion inconsistent with the record in that the limitations Dr. Lopez recommended were inconsistent with Plaintiff's admitted activities, such as walking two miles a day, staying active, grooming himself, and caring for a dog. The ALJ also found the opinion inconsistent with Plaintiff's minimal back pain treatment for the past six years. Again, the ALJ

weighed the evidence and exercised his judgment, and this Court may not reweigh the evidence or substitute its judgment. *Skinner*, 478 F.3d at 841.

Plaintiff also argues that the ALJ failed to consider the notes of Dr. D'Costa, which include findings on back pain and abnormal gait. But the ALJ did assess this evidence. The ALJ explained that Dr. D'Costa's notes contained few "recurrent abnormal findings" and back complaints.

Plaintiff also argues that the psychological consultant, Dr. Levitan, made observations consistent with Dr. Lopez's opinion. This may be true, but the ALJ considered Dr. Levitan's report and found it unpersuasive, in part, because it was inconsistent with Plaintiff's own records. Plaintiff's own records contain no mental treatment or findings other than a single instance with Dr. Costa prescribed Xanax for anxiety, and Plaintiff had not seen or been referred to a psychiatrist, counselor, or therapist during the relevant time period. State agency medical consultant Dr. Voss agreed with Dr. Levitan, but the ALJ found his opinion inconsistent with the record for the same reasons. Ultimately, the ALJ founds these two opinions supported but not consistent with the rest of the record and, after balancing these factors, found the opinions unpersuasive.

Finally, Dr. Tin found that Plaintiff had non-severe mental impairments and did not recommend mental work restrictions. The ALJ found Dr. Tin's findings unpersuasive but ultimately issued a decision consistent with his recommendations. Plaintiff argues that it does not make sense that the ALJ could find Dr. Tin's findings unpersuasive but "essentially adopt[] Dr. Tin's opinions in providing for no

mental health limitations." But the ALJ did not adopt Dr. Tin's recommendations. Rather, the ALJ ejected Dr. Tin's findings, weighed all the other evidence as detailed above, and then ultimately independently came to the conclusion that Plaintiff had no mental health restrictions.

## CONCLUSION

For the foregoing reasons, Plaintiff's request to reverse the Commissioner's decision [Doc. No. 14] is denied, and the Commissioner's decision is affirmed.

**SO ORDERED.**

**ENTERED:**

**DATE: August 24, 2026**

**HON. MARIA VALDEZ**
**United States Magistrate Judge**